BROWN v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit.
December 2, 1927.

No. 5133.

Internal revenue ⬦25—Internal Revenue Commissioner's findings as to income tax deductions are prima facie correct, and burden is on taxpayer to overcome presumption.

On appeal to United States Board of Tax Appeals, findings of Commissioner of Internal Revenue as to amounts allowable as deductions for bad debts in assessment of income tax and his determination of tax deficiencies, are to be taken as prima facie correct, and burden is on taxpayer to overcome presumption by competent evidence.

Petition for Review of Decision of United States Board of Tax Appeals.

Petition by D. H. Brown, by James A. Mitchell, his guardian, to review a decision of the United States Board of Tax Appeals, affirming an order of the Commissioner of Internal Revenue disallowing in part deductions claimed in petitioner's income tax return, and determining deficiencies of taxes. Affirmed.

Frank M. Dixon, of Birmingham, Ala., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., A. W. Gregg, Gen. Counsel, Internal Revenue, of Washington, D. C. (Harvey R. Gamble, Sp. Asst. Atty. Gen., and John W. Fisher, Sp. Atty., Internal Revenue, of Washington, D. C., on the brief), for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a petition to review a decision of the United States Board of Tax Appeals. D. H. Brown, the taxpayer, an inhabitant of Alabama, residing and doing business in Birmingham, filed his returns of income taxes for the years 1918, 1919, and 1920. Seeking to bring himself within the provisions of section 214 of the Revenue Act of 1918 (Comp. St. § 6336-⅛g), and similar later statutes, in his returns for 1918 and 1919 he deducted a total of $15,000 as a loss on account of advances made to the Ajax Coal & Mining Company. He owned $9,000 out of a total of $10,000 of the capital stock of that company, and the company owed him at that time $28,000 for advances. In his return for 1920 he claimed a deduction on account of bad debts of $24,052.93. The Commissioner of Internal Revenue disallowed the deductions for 1918 and 1919, allowed a deduction of $6,239.04 on the 1920 return, and determined deficiencies of taxes as follows: For 1918, $2,730.13; for 1919, $31.69; for 1920, $7,086.47. The taxpayer was declared insane in 1924.

Appeal was taken to the Board of Tax Appeals by his guardian, Jas. A. Mitchell, petitioner herein, and the Commissioner was affirmed. The findings of the board are briefly and succinctly stated in the opinion as follows:

"Trammell. The first question involved is whether the taxpayer, D. H. Brown, is entitled to a deduction in 1918 or 1919 with respect to advances made to the Ajax Company, and whether he is entitled to a loss with respect to his investment in the stock of that company.

"During 1918 and 1919 the Ajax Company was a going concern. It had net profits during 1919 and 1920, and there is no evidence to show that it was not solvent. There is no evidence that the account due by that company on account of the advances was ascertained to be worthless either in 1918 or 1919. There is no evidence that Brown exercised bad judgment in his control of the corporation, in acquiring the properties which the corporation operated. The royalties required to be paid were unusually high, and the coal could not be as economically mined and handled as other coal; but these facts did not establish the worthlessness of the debt due by that corporation, or the worthlessness of the company's stock.

"With respect to the debts charged off before the closing of the books for 1920, in

March, 1921, the evidence does not convince us that they were ascertained to be worthless during the taxable year 1920. Judgment will be entered for the Commissioner."

On the appeal to the board the findings of the Commissioner as to the amounts allowable as deductions and the subsequent determination of the deficiency of taxes were to be taken as prima facie correct. The burden was on the taxpayer to overcome this presumption by competent evidence.

It is sufficient to say that the findings of fact and conclusions of the board are supported by the record. Avery v. Commissioner of Internal Revenue, 22 F.(2d) 6, decided by this court November 1, 1927.

Affirmed.