### GREEN'S ADVERTISING AGENCY v. BLAIR, Commissioner of Internal Revenue.

Circuit Court of Appeals, Ninth Circuit. February 11, 1929.

No. 5426.

Heller, Ehrman, White & McAuliffe, Jerome B. White, and Lloyd W. Dinkelspiel, all of San Francisco, Cal., for plaintiff in error.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and John Vaughan Groner, Sp. Asst. Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., of counsel), for defendant in error.

Before GILBERT and DIETRICH, Circuit Judges, and LOUDERBACK, District Judge.

LOUDERBACK, District Judge. The petitioner and plaintiff in error was engaged in the business of buying and selling advertising space in theaters, on curtains, programs, slides, and films, for customers. Exemption from corporation taxes was sought by the plaintiff in error, on the theory it was a personal service corporation. This was disallowed by the Commissioner; the plaintiff in error appealed to the Board of Tax Appeals. This board affirmed the ruling of the Commissioner; the plaintiff took this writ of error. The ruling of the Board of Tax Appeals was rendered September 29, 1927, and involved income and profit for the years 1919, 1920, and 1921, in the sum of $44,284.55. The appeal is brought under the provisions of Revenue Act 1926, c. 27, §§ 1001, 1002, 1003, 44 Stat. 9, 109, 110 (26 USCA §§ 1224–1226).

Both the Revenue Act of 1918 (40 Stat. 1057) and the Revenue Act of 1921 (42 Stat. 227) define a personal service corporation as a corporation (1) whose income is to be ascribed primarily to the activities of the principal owners or stockholders; (2) whose stockholders are regularly engaged in the active conduct of the affairs of the corporation; (3) in which capital, whether invested or borrowed, is not a material income-producing factor; (4) but does not include any foreign corporation, or any corporation 50 per centum or more of whose gross income consists either of gains, profits, or income derived from trading as a principal.

The findings and opinion of the Board of Tax Appeals satisfactorily establish requirements (1) and (2)—that (1) plaintiff in error was a corporation "whose income is to be ascribed primarily to the activities of the principal owners or stockholders"; and (2) "whose stockholders are regularly engaged in the active conduct of the affairs of the corporation."

These findings establish that the plaintiff in error was a personal service corporation. But, in order to be exempt from taxation, the law further requires that two other requirements be established; that (3) capital, whether invested or borrowed is not a material income producing factor; (4) plaintiff in error is not a foreign corporation, or a corporation 50 per centum or more of whose gains, profits, or income is derived from trading as a principal, or of gains, profits, commissions or other income derived from a government contract, or contracts made between April 6, 1917, and November 11, 1918, inclusive. In regard to these requirements, the Board of Tax Appeals found that the plaintiff in error was not entitled to a classification of exemption under the provisions of section (4) above. It found that the plaintiff in error purchased and sold space and the privilege of advertising in certain theaters, and concluded that this was "trading in a commodity that is as well-defined and capable of being bought, sold, and delivered as are iron, coal, corn, or wheat," and then concludes: "We are convinced that the petitioner was trading as a principal, within the meaning of the Revenue Acts cited, and, since all of its income appears to have been derived from trading, it follows that it is not entitled to the classification it claims."

It thereby becomes an issue whether under the facts of this case the board could properly come to the conclusion that the plaintiff in error is not entitled to the claimed exemption. The evidence produced by the plaintiff in error before the Board of Tax Appeals did not disclose facts from which it could be established what proportion of its

income was derived from trading as a principal. The burden was upon the plaintiff in error to show that less than 50 per centum of the gross income consisted of either gains, profits, or income from trading as a principal.

The decision of the Commissioner of Internal Revenue in this case was adverse to the plaintiff in error. A decision of the Commissioner must, in the hearing before the board, be accepted as prima facie correct, and the burden of proof was upon the plaintiff in error to overcome such presumption of proof. U. S. v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131; Fidelity & Columbia Trust Co. v. Lucas (D. C.) 7 F.(2d) 146; Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184.

Under the provisions of section 230 of the Revenue Acts of 1918 and 1921 (40 Stat. 1075; 42 Stat. 252), it is provided that "there shall be levied, collected, and paid * * * upon the net income of every corporation a tax." And section 218 (40 Stat. 1070; 42 Stat. 245) of the same acts provides that "personal service corporations shall not be subject to taxation." Under the language of these acts, the statute providing for classification as a public service corporation is a statute exempting from taxation, and is consequently to be construed in favor of the government. Bank of Commerce v. Tennessee, 161 U. S. 134, 146, 16 S. Ct. 456, 40 L. Ed. 645.

The record disclosing nothing as to the per centum of gross income derived from trading as a principal, and plaintiff in error having failed to offer any data to the board upon this issue, the determination of the Commissioner being adverse to the plaintiff in error, the board was entitled, upon the before-mentioned evidentiary presumption and the failure of the plaintiff in error to meet the burden of proof, to promulgate the findings and opinion made herein.

Affirmed.