## COON AUTO CO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Eighth Circuit.
October 7, 1929.

No. 8155.

Joe H. Kirby, of Sioux Falls, S. D. (Kirby, Kirby & Kirby, of Sioux Falls, S. D., on the brief), for appellant.

A. H. Pierce, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Mabel Walker Willebrandt, Asst. Atty. Gen., J. Louis Monarch and Millar E. McGilchrist, Sp. Asst. Attys. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and OTIS, District Judge.

KENYON, Circuit Judge. This is an appeal from a decision of the United States Board of Tax Appeals. Appellant, a corporation, was engaged in the automobile sales business. On January 13, 1919, its board of directors directed an arbitrary "write-off" of the book inventory as of December 31, 1918, amounting to $9,234.07. In the audit of petitioner's return for 1919, the Commissioner of Internal Revenue added to the net income returned the amount of this reduction, resulting in an increase of net income and an increase in appellant's tax. It is of this that complaint is made. Appellant kept a perpetual inventory at cost prices. No physical inventory was taken at the time of the mark-down, and the same was purely arbitrary, and admitted in the brief of counsel for appellant to be without right.

Appellant contends that, if the inventory at the close of the year is increased by the amount of $9,234.07, there should be a like increase in the inventory at the beginning of the year, and hence the net income would not be affected. There is nothing in the record to show the accounting method employed in the mark-down. The Board of Tax Appeals was without evidence as to the amount of the perpetual inventory shown by the books of account on December 31, 1918, before the write-off was effective in January, 1919, used in making its income tax returns for 1918 and 1919. It held that without such evidence it was unable to determine whether the Commissioner erred in adding to the net income reported the $9,234.07 in question.

Appellant urges that the statement in the Board's findings of fact that appellant's directors directed "an arbitrary write-off of the book inventory as of December 31, 1918, amounting to $9,234.07," is a finding that the opening inventory figure used in appellant's 1919 tax returns was a reduced figure. The phrase, "as of December 31, 1918," is apparently used to identify the inventory figure which was written off, and does not fix the time of the write-off. On this subject the Board's statement is significant, viz.: "If the amount of the inventory used in the return for 1919 as of January 1, 1919, was the same as that shown by the petitioner in its return for 1918 as of December 31, 1918, the action of the respondent in adding the $9,234.07 was not in error, and we have no evidence to show that this was not the case." This would seem to indicate the view of the Board, and that its statement concerning the arbitrary write-off was not a finding that the opening inventory figure used in the 1919 tax returns was a reduced one.

The crucial question of fact is whether or not the opening inventory used in the 1919 tax return had been in any way reduced from the closing inventory of the prior year.

The burden was on the taxpayer to overcome the presumption that the Commissioner's decision disallowing the arbitrary write-off was prima facie correct. Avery v. Commissioner of Internal Revenue (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Brown v. Commissioner of Internal Revenue (C. C. A.) 22 F.(2d) 797; Bishoff v. Commissioner of Internal Revenue (C. C. A.) 27 F.(2d) 91.

We are unable to say from this record, in the absence of the tax returns for 1918 and the auditor's report, and in the absence of any evidence to show the method of accounting by which the mark-down was made, that the taxpayer's opening inventory for 1919 was in fact reduced. Therefore we are compelled to affirm the decision of the Board of Tax Appeals.

Affirmed.