### NEIMAN–MARCUS CO. v. LUCAS, Commissioner of Internal Revenue.

### No. 4914.

Court of Appeals of District of Columbia.
Argued April 9, 1930.
Decided May 5, 1930.

Donald Horne, of New York City, for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., and C. M. Charest, J. Louis Monarch, and Barham R. Gary, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

This appeal from the Board of Tax Appeals involves income and profits taxes for the calendar year 1918 in the sum of $9,415.-29. Two contentions were advanced: First, that the evidence before the Board was insufficient to justify the finding of a deficiency; and, second, that the time within which an assessment of a deficiency might have been made expired prior to the date of the determination by the Board.

Appellant's return for the calendar year 1918 was filed June 15, 1919. Under then existing law (Revenue Act 1918, § 250[d], 40 Stat. 1083), the time within which the assessment could be made would have expired five years thereafter, that is, on June 15, 1924. On February 8, 1924, appellant and the Commissioner of Internal Revenue executed a written "income and profits tax waiver" extending for one year the time prescribed by law for the determination, assessment, and collection of appellant's income and profits tax for 1918. On April 20, 1925, a similar written waiver was entered into extending the time until December 31, 1925, provided that, if a notice of a deficiency in tax should be sent to the taxpayer by registered mail before that date, and (1) no appeal should be filed therefrom with the Board of Tax Appeals, then the date should be extended 60 days, or (2) if an appeal should be filed with the Board, then the date would be extended by the number of days between the date of the mailing of the notice of the deficiency and the date of the final decision by the Board. On October 23, 1925, a waiver similar to that of April 20, 1925, was entered into, under which the date of expiration was extended to December 31, 1926. On November 27, 1925, the Commissioner mailed a deficiency notice to the taxpayer. Within sixty days thereafter (on January 25, 1926), appellant filed its appeal with the Board of Tax Appeals, as provided by section 274(a) of the Revenue Act of 1924 (43 Stat. 253, 297 [26 USCA § 1048 note]).

The contention as to the sufficiency of the evidence is without merit. From the oral argument it appeared that no evidence was introduced by appellant, and that the Board under its rules and practice accepted the decision of the Commissioner as prima facie correct. In this the Board was clearly right. United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184; Williamsport Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985; Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Brown v. Commissioner (C. C. A.) 22 F.(2d) 797; Rieck v. Heiner (C. C. A.) 25 F.(2d) 453; W. K. Henderson Iron Works & Supply Co. v. Blair, 58 App. D. C. 114, 25 F.(2d) 538; Bishoff v. Commissioner (C. C. A.) 27 F.(2d) 91; Green's Advertising Agency v. Blair (C. C. A.) 31 F.(2d) 96.

The first waiver of February 8, 1924, extended the time for assessment for one year, or until June 15, 1925. Before the expiration of that period, the Act of June 2, 1924 (43 Stat. 253) was passed. Under section 900 of that Act (26 USCA § 1211 note, and following sections), the Board of Tax Appeals was created. Section 274(a) provided, in part, that, if the Commissioner should determine that there was a deficiency, the taxpayer should be notified, "but such deficiency shall be assessed only as hereinafter provided." Section 277(b), 26 USCA § 1057 note, provided that the period within which an assessment was required to be made by subdivision (a) of the section (26 USCA § 1057 note) should be extended (1) by 60 days if a notice of such deficiency had been mailed to the taxpayer under subdivision (a)

of section 274 and no appeal had been filed with the Board of Tax Appeals, or (2) if an appeal had been filed, then by the number of days between the date of the mailing of the notice and the date of the final decision by the Board.

Section 278(c), 26 USCA § 1060, provided, in part, as follows: "Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon."

Section 280 (26 USCA § 1064 note) provided that, if after the passage of the act the Commissioner should determine "that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax)" should be computed as if the Revenue Act of 1924 had not been enacted, "but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by this title, except as otherwise provided in section 277."

Section 278(c) was carried forward into the Revenue Act of 1926 (Act of February 26, 1926, 44 Stat. 9, 59 [26 USCA § 1060]).

The changes in the law subsequent to the filing of appellant's first waiver are procedural in character. In Florsheim Bros. Co. v. United States (White v. Hood Rubber Co.) decided February 24, 1930, by the Supreme Court of the United States, 280 U. S. 453, 50 S. Ct. 215, 218, 74 L. Ed. 542, the court, speaking of similar waivers, said: "The corporations insist that the 'Waivers' were not merely waivers extending the statutory period, but were binding contracts which limited the time in which the Commissioner could assess and collect the taxes; and that no change in the law made after the date of the contracts and enlarging the time for collection can affect their rights. They urge that the 1924 and 1926 acts did not purport to extend the periods thus limited by contract; and that, if construed as extending such periods, the provisions of these acts are unconstitutional. They concede that, in the absence of contract, a Legislature may con-

stitutionally lengthen or shorten the period in which a right may be enforced by legal proceedings." The court rejected this contention, saying: "The instruments were nothing more than what they were termed on their face—waivers; and that was all to which the Commissioner was authorized to consent."

As to the applicability of the Revenue Acts of 1924 and 1926, the court said: "Section 277(a)(2) of the 1924 Act expressly dealt with taxes due under the Acts of 1918 and 1921; and it re-enacted the five-year limitation with the express qualification, 'Except as provided in section 278.' Section 278 (c) re-enacted the provision as to extension of time by the consent of the Commissioner and the taxpayer; and constituted the sole statutory authority for the waiver of the period of limitation for taxes due under the 1918 and 1921 Acts. It unquestionably applied to waivers thereafter to be executed; and no reason appears why it did not equally apply to waivers executed prior to the passage of the act."

The waivers in the present case, therefore, are valid. Notice of deficiency sent appellant on November 27, 1925, under the provisions of the Act of June 2, 1924 (43 Stat. 253), having been followed by an appeal to the Board of Tax Appeals, the period within which an assessment could be made was extended "by the number of days between the date of the mailing of such notice and the date of the final decision by the Board." Section 277(b).

The decision is affirmed.

Affirmed.