346

McCARL, Comptroller General, et al. v.
UNITED STATES ex rel. LELAND.

No. 5152.

Court of Appeals of District of Columbia.

Argued May 5, 1930.

Decided June 2, 1930.

Leo A. Rover, John W. Fihelly, O. R. Mc-Guire, and H. F. McConnell, all of Washington, D. C., for appellants.

James Craig Peacock and John W. Townsend, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District, in a mandamus proceeding, sustaining demurrers of appellee (plaintiff below) to the answers of appellants (defendants below) and dismissing the petition, appellants electing to stand on their answers.

On March 30, 1926, appellant Commissioner of Internal Revenue in a written communication addressed to appellee notified him that his income tax liabilities for the years 1918 and 1919 disclosed "a deficiency in tax of $60,190.16 for 1918 and an overassessment of $30,828.43 for 1919, as shown in the attached statement." Thereupon appellee challenged the ruling as to the deficiency tax by appeal to the United States Board of Tax Appeals. That Board on January 20, 1930, affirmed the decision of the Commissioner. Leland v. Commissioner of Internal Revenue, 18 B. T. A. 859. Under the statute an appeal lies from that decision to a circuit court of appeals or to this court (Act of February 26, 1929, 44 Stat. 9, 109 [26 USCA § 1224]).

Under date of September 4, 1929, the Commissioner forwarded to the Comptroller General a schedule for $30,828.43 as refund to appellee of tax erroneously collected for the tax year 1919, with $16,941.95 interest. This schedule or voucher was accompanied by a communication addressed to the Comptroller General notifying him of the deficiency assessment of $60,190.16 for the tax year 1918. The Comptroller General refused to "preaudit approve" the voucher for refund, and refused to transmit it to the disbursing clerk of the Treasury Department for payment. Following such refusal, this action was instituted on October 7, 1929, to compel the Commissioner of Internal Revenue to return the schedule or voucher, after recomputing the interest, to the Comptroller General and to compel the Comptroller General "to certify and countersign the same for payment."

Section 284(a) of the Revenue Act of February 26, 1926 (44 Stat. 9, 66, 26 USCA

§ 1065(a), provides in part as follows: "Where there has been an overpayment of any income, war-profits, or excess-profits tax imposed by this act, * * * the Revenue Act of 1918, the Revenue Act of 1921, or the Revenue Act of 1924, or any such Act as amended, the amount of such overpayment shall * * * be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer."

It is the position of appellee that, because the refund could not be credited to the deficiency assessment until the decision of the Board had become final, the deficiency tax was not "then due" when the Commissioner on March 30, 1926, determined the amount of the overassessment for 1919, and that therefore the amount of the overassessment should have been "refunded immediately to the taxpayer," with interest. In other words, by prosecuting an appeal from the Commissioner's deficiency assessment the taxpayer may exact from the government an immediate refund, with interest on the amount from the date of the overpayment, although it is finally determined that at the time of the overpayment there was due the government twice the amount. The inequity of appellee's position is still more apparent when it is noted that the government could exact interest on the deficiency assessment from February 26, 1926, only. [Act of 1926, § 283(d), 26 US CA § 1064.] In other words, the government would be compelled to pay interest from the date of the overpayment to approximately the date of the refund (section 614(a, b) of Act of May 29, 1928, 45 Stat. 876, 26 USCA § 2614), while it could exact interest on the deficiency assessment from February 26, 1926, only. Stated differently, the government would be paying interest on the overpayment for a period of six years, while the taxpayer would not be required to pay interest for that period of time on his deficiency. We cannot conceive that Congress intended such a result, nor do we think that an interpretation producing such a result should be placed upon the statute.

In the communication of March 30, 1926, from the Commissioner to appellee, notifying appellee of the overassessment for 1919, the Commissioner also notified him of the deficiency assessment for 1918 (due March, 1919). The ruling as to the deficiency assessment was prima facie correct. Neiman-Marcus Co. v. Lucas, 59 App. D. C. 328, 41 F.(2d) 300, decided May 5, 1930;

United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184; Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985; Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Brown v. Commissioner (C. C. A.) 22 F.(2d) 797; Rieck v. Heiner (C. C. A.) 25 F.(2d) 453; Henderson Iron Works & Supply Co. v. Blair, 58 App. D. C. 114, 25 F.(2d) 538; Bishoff v. Commissioner (C. C. A.) 27 F.(2d) 91; Green's Advertising Agency v. Blair (C. C. A.) 31 F.(2d) 96. Prima facie, therefore, the amount of the deficiency assessment was "then due" the government, but owing to the appeal taken by the taxpayer the final balancing of the account could not be had until the termination of the appeal.

In our view it was the intent of Congress in the enactment of section 284 to require immediate refund of overpayments only in the event of a net balance in favor of the taxpayer. Any other interpretation would permit the taxpayer, through the medium of an appeal from the Commissioner's determination of a deficiency, to exact from the government interest when the net balance was against him. Such a result would be inequitable and inconsistent with the obvious purpose of the statute. Moreover, the "interpretation of the statute" by the administrative branch of the government "should not be interfered with unless clearly unlawful." Lucas v. American Code Co., 280 U. S. 445, 449, 50 S. Ct. 202, 203, 74 L. Ed. 538.

Counsel for appellants also rely upon the provisions of the Act of March 3, 1875 (18 Stat. 481, 31 USCA § 227), but we do not find it necessary to determine the applicability of that act.

Judgment reversed.

Reversed.