## SAXMAN COAL & COKE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4295.

Circuit Court of Appeals, Third Circuit.

Sept. 15, 1930.

Wm. W. Spalding, of Washington, D. C., and Warren C. Graham, of Philadelphia, Pa. (Mason, Spalding & McAtee, of Washington, D. C., of counsel), for plaintiff.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John McC. Hudson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

This is an appeal from the decision of the Board of Tax Appeals, approving the determination of additional income-profits tax against the petitioner by the Commissioner of Internal Revenue for the year 1920, in the amount of $14,832.52, and for the year 1921, in the amount of $10,378.46.

The Commissioner, in computing petitioner's income for the years 1920 and 1921, excluded from invested capital the amount of $86,500 claimed as the cash value of two leases of coal lands acquired by petitioner upon incorporation September 8, 1909, and also

disallowed deductions claimed by the petitioner for depletion of its property based upon the alleged fair market value of the leases on March 1, 1913, on the ground that the leases had no fair market value on the respective dates. From the ruling and determination of the Commissioner, the petitioner appealed to the Board of Tax Appeals, and the Board of Tax Appeals affirmed the ruling and determination of the Commissioner. From the decision of the Board of Tax Appeals the petitioner has brought the case to this court for review.

Upon organization in September, 1909, the petitioner issued its capital stock for buildings, equipment, and leaseholds covering 8,200 acres of coal lands in Nicholas county, W. Va. For the leaseholds, stock of the par value of $86,500 was issued. The leaseholds were owned continuously by petitioner until after the close of 1921. The petitioner included $86,500 as the cost of the leaseholds in its invested capital in computing its excess profits taxes for 1920 and 1921. It also deducted depletion based upon the capital value of its leaseholds March 1, 1913, in computing its taxable income. Respondent eliminated the entire amount so included in petitioner's invested capital on account of the ownership of leaseholds, and also disallowed the entire deduction for depletion, thereby ruling that petitioner's leaseholds had no capital value when acquired in September, 1909, or on March 1, 1913.

The only question presented is whether the decision of the Board of Tax Appeals that the leaseholds acquired by the petitioner upon incorporation in September, 1909, had no actual cash value at that time and had no fair market value on March 1, 1913, is supported by the evidence.

The determination of the Commissioner was prima facie correct, and upon appeal to the Board of Tax Appeals the burden was on the petitioner to prove, not only that the Commissioner's determination was erroneous, but also to establish all essential facts from which a correct determination of its tax could be made. Reinecke v. Spalding, 280 U. S. 227, 50 S. Ct. 96, 74 L. Ed. 385; Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184; Twin City Tile & M. Co. v. Commissioner (C. C. A. 8th) 32 F.(2d) 229; United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131.

The evidence introduced by the petitioner was insufficient to meet the burden cast upon it by law. The only evidence tending to support petitioner's claims consisted of opinion evidence not founded upon disclosed or admitted facts and on many points at variance with facts disclosed. The Board of Tax Appeals was not bound by such opinions, but was at liberty to reject them and form its own opinion on the facts. The Conqueror, 166 U. S. 110, 17 S. Ct. 510, 41 L. Ed. 937; W. S. Bogle & Co. v. Commissioner (C. C. A. 7th) 26 F.(2d) 771.

The determination of the Board of Tax Appeals in favor of the Commissioner is supported by evidence, and therefore should not be disturbed by this court on review. W. S. Bogle & Co. v. Commissioner, supra; Bishoff v. Commissioner (C. C. A.) 27 F.(2d) 91.

For the reasons stated above, the petition for review of the decision of the Board of Tax Appeals is refused and the order of the Board of Tax Appeals is affirmed.