## HUWE v. OHMER FARE REGISTER CO.
### No. 6109.

Circuit Court of Appeals, Sixth Circuit.
Nov. 11 and Dec. 8, 1932.

R. E. Smith, of Washington, D. C. (Haveth E. Mau and Frank Hier, both of Cincinnati, Ohio, and C. M. Charest and D. Louis Bergeron, both of Washington, D. C., on the brief), for petitioner.

H. W. Baker, of Dayton, Ohio (W. B. Turner, of Dayton, Ohio, on the brief), for respondent.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

The appellee filed tax returns for the years 1914 to 1920, inclusive. Its return for 1919 disclosed a tax liability of $530,806.38. Prior to the due date of the third installment of this tax, it filed amended returns for the years 1914 to 1918, inclusive, claiming overpayment of taxes for those years in the amount of $406,460.46. With the amended returns it filed a request that $270,806.38 of this amount be applied as a credit to complete the payment of its 1919 taxes. At the same time it filed a claim for refund of $135,654.08 representing the balance of the alleged overpayment. The claim for refund not having been passed upon, the taxpayer requested in its return for 1920 that this refund be credited on its tax for that year. After investigating these several claims and returns, the Commissioner, on April 15, 1926, notified the taxpayer that there were overpayments for the years 1914 to 1917 of $11,918.43, additional assessments for the years 1918 and 1919 of $87,895.91, and $464,422.09 respectively, and an overassessment for 1920 of $322,750.53. At that time the two remaining installments for 1919, amounting to $270,806.38, were due. There was also due the government for 1920, according to the taxpayer's return, $135,654.08. The taxpayer had paid all the taxes disclosed by its return for the latter year except the last-mentioned sum. The overassessment for that year was sufficient, therefore, to discharge the item of $135,654.08 and leave an overpayment of $187,096.45.

The taxpayer, being dissat'sfied with the additional assessments made by the Commissioner for the years 1918 and 1919, appealed from his determination to the Board of Tax Appeals, and the Board on July 23, 1928, reduced the assessments to $66,913.64 for 1918 and $331,463.61 for 1919. Pending the decision of the Board, the Commissioner credited the additional assessment for 1918 with the overpayments for 1914 to 1917, and abated the unsatisfied original tax of $135,654.08 for 1920 by applying thereto a like amount of the overassessment for that year. No question is raised about the propriety of this action. At the same time the Commissioner demanded payment of the unpaid tax of $270,806.38 for 1919. On April 5, 1928, he collected this tax after crediting thereon the balance of the overpayment for 1920. In making the collection, he required the taxpayer to pay interest on the tax from its due date in 1920 until the date of payment, but did not allow the taxpayer any credit for interest on the overpayment. The taxpayer paid the interest, filed a claim for refund, and, the claim being rejected, brought this suit to recover the difference between the

amount so paid and what it would have paid had the tax been credited by the overpayment as of the date it was made.

There is no dispute about the facts. The question is one of law, that is, whether the government was entitled to interest upon the $270,806.38 from the time the tax was due until the adjustment was made, or whether it was entitled to interest on that amount only up to the time the overpayment of $187,096.45 was made, and interest from that date upon the balance until it was paid. The trial court held that interest should have been computed upon the latter basis, and rendered judgment for the taxpayer for $56,076.73.

The original 1919 tax became due and collectible in equal parts on September 15 and December 15 in 1920. Subdivision (a), § 250, Revenue Act 1918 (40 Stat. 1082). And this is true, notwithstanding the taxpayer filed amended returns for preceding years and requested that alleged overpayments for those years be applied to this tax. That action on the part of the taxpayer was equivalent, in our opinion, to a request to postpone the time of payment. When such a request is granted, it is the duty of the collector, under the provisions of the statute, supra, to collect interest on the tax at the rate of one-half of 1 per centum per month from the time the tax would have been due if no extension had been granted. We do not understand that appellee controverts this obligation. Its position is that interest should have been computed on the tax from its due date to the date the overpayment was made, and that no other interest was collectible except such as accrued after crediting the tax with the overpayment as of the date it was made.

Section 1116 (a) of the Revenue Act of 1926 (44 Stat. 119 [26 USCA § 153 note]) provides that, where there is an allowance of a credit or refund of a tax illegally collected, interest shall be allowed and paid on the amount of the overpayment at the rate of 6 per cent. per annum from the date that such tax or sum was paid to the date of the allowance of the refund; that, in case the overpayment is applied as a credit, interest shall be allowed and paid on the overpayment from the date it was paid "to the due date of the amount against which the credit is taken." There can be no doubt, under this statute, that, if an overpayment be refunded, it draws interest from the date that it was made until the date of the allowance of the refund, and, alternatively, if it be applied to a tax that became due after it was made, it draws interest from the date that it was paid until the due date of the tax. It seems plain to us that it is the purpose of this statute to make the government accountable for interest on overpayments until they are refunded or until there is a tax due to which they can be applied. Thus it is that, where an overpayment is credited upon a subsequently accruing tax, it draws interest only to the due date of the tax, because in contemplation of the statute the credit is made as of the earliest possible date; that is, the date the tax becomes due. Here, however, the overpayment was credited upon a tax which was due before the overpayment was made. In such case the same considerations seem to us to require that the credit be made as of a like earliest available date—the date the overpayment was made. There is nothing in the statute nor in the Revenue Act of 1918 (40 Stat. 1057, 1085) prohibiting such course; indeed, no other, in our opinion, is consonant with the general purpose of the statute as above indicated. We are not concerned with the inability of the government, if there was inability (26 USCA § 1064; McCarl v. United States, 59 App. D. C. 362, 42 F.(2d) 346, 347), to collect interest on the additional assessment for 1919, but only with the question of the correct date of crediting the overpayment. In our opinion, that was the date it was first available, the date it was made. It was upon this hypothesis that the recovery below was allowed.

The judgment is affirmed.

Dec. 8, 1932.

The attention of the court being called by letter in the nature of a petition for rehearing to its failure, in affirming the judgment herein, to determine the interest rate applicable thereto, and it appearing that the judgment provides for interest on the amount awarded therein to the plaintiff at the rate of 6 per cent. per annum from April 5, 1928, and that by the Legislative Appropriations Act which became effective on June 30, 1932, it is provided that whenever interest is allowed by law upon any judgment against the United States upon any overpayment in respect of any Internal Revenue Act, the rate of interest allowed shall be 4 per centum per annum; it is ordered that the judgment of the District Court be modified so as to provide for interest on the amount awarded therein to the plaintiff at the rate of 6 per cent. per annum from April 5, 1928, to June 30, 1932, and for 4 per cent. per annum from the latter date until paid, and as so modified is affirmed.