## FIDELITY TITLE & TRUST CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4311.

Circuit Court of Appeals, Third Circuit.
March 14, 1933.

H. F. Stambaugh, John M. Freeman, and Watson & Freeman, all of Pittsburgh, Pa., for petitioners.

Francis H. Horan and Sewall Key, Sp. Assts. to Atty. Gen.. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John R. Gaskins, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This case is brought here upon petition for review of an order of redetermination entered by the Board of Tax Appeals.

The petitioners are the executors of D. Herbert Hostetter. Prior to March 1, 1913, Hostetter had acquired 560 bonds of the Consolidated Gas Company of Pittsburgh, having a par value of $1,000 each, at a cost of $577,524.42. In 1919 he exchanged these bonds for 10,360 shares of stock of the Philadelphia Company. On the date of the exchange, the market value of the stock of the Philadelphia Company was $33.50 per share, making the total value of the stock received by Hostetter $347,060. In his income tax return for 1919, Hostetter claimed a deductible loss of $230,464.42, calculated by subtracting the market value of the stock of the Philadelphia Company from the actual cost of the bonds of the Consolidated Gas Company. The Commissioner determined as a fact that on March 1, 1913, the market value per bond of the Consolidated Gas Company was $700 and the total value $392,000. The Commissioner therefore limited the deductible loss to $44,940 and determined a deficiency in Hostetter's tax return for the year 1919. The Commissioner's order of redetermination was sustained by the Board of Tax Appeals.

Section 202 (a) of the Revenue Act of 1918 (40 Stat. 1060) provides:

"That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

"(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date. * * * "

The sole issue before this court is whether there is substantial evidence to support the finding of the Commissioner that the fair market price or value of the bonds of the Consolidated Gas Company, as of March 1, 1913, was but $700 each. Phillips v. Commissioner, 283 U. S. 589, 599, 51 S. Ct. 608, 75 L. Ed. 1289; Bishoff v. Commissioner (C. C. A.) 27 F.(2d) 91.

The Commissioner and the Board of Tax Appeals were aided in arriving at the valuation of the bonds by the following factors: In 1913, two lots of ten bonds each of the Consolidated Gas Company were sold at a price of $700 per bond. In 1916, the company ceased to pay interest on the bonds. Its income and profits statements showed that it was not earning the interest charges on its bonds. The chief assets of the company were franchises and real estate. The franchises were for the exclusive right to manufacture and sell artificial gas for lighting, heating, and fuel. It appeared, however, that natural gas had been introduced into

the community and was being sold by other companies for heating and fuel; that natural gas was supplied at less cost than artificial gas and would eventually supplant artificial gas for heating purposes; and that, at the same time, electricity was taking the place of gas for lighting purposes.

We think that there was sufficient evidence to justify the Commissioner and the Board in their findings of fact that the value per bond on March 1, 1913, was no more than $700. It is not our function to sit as a fact-finding tribunal in cases such as this. This court held in Saxman Coal & Coke Co. v. Commissioner, 43 F.(2d) 556, that, if the determination of the Board of Tax Appeals in favor of the Commissioner is supported by evidence, it should not be disturbed by the Circuit Court of Appeals on review.

Much of the petitioners' contention is to the effect that the Commissioner underestimated the value of real estate owned by the Consolidated Gas Company and that the opinions of the experts who testified as to its value should have been accepted. It was pointed out in Saxman Coal & Coke Co. v. Commissioner, supra, that the Board of Tax Appeals is not bound by opinion evidence of experts but is at liberty to reject these opinions and form its own opinion on the facts presented.

The decision of the Board of Tax Appeals is affirmed.