**DAYTON CO. v. McMAHON et al.**

No. 397.

Circuit Court of Appeals, Eighth Circuit.

April 2, 1936.

Thomas Gallagher, of Minneapolis, Minn., for petitioner.

Stephen J. McMahon, of Washington, D. C., pro se.

Before STONE, WOODROUGH,. and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

The Dayton Company appealed to the Board of Tax Appeals from a deficiency of its income tax asserted by the Commissioner and the proceeding was assigned to Hon. Stephen J. McMahon, member of the Board, who heard it and entered a memorandum opinion adverse to the Dayton Company. Thereupon final decision of the Board of Tax Appeals was entered pursuant to the determination as set forth in the memorandum opinion and the Dayton Company has filed its petition for a review of the decision in this court. It has presented twelve assignments of error and claims that it is necessary for this court to consider the evidence taken by the Board in order to properly pass upon the assignments. A statement of the evidence was made up and agreed to by the parties and submitted for allowance to Hon. Stephen J. McMahon, member of the Board who had conducted the proceeding. The member refused to allow it and on January 15, 1936, ordered the clerk of the Board of Tax Appeals to omit to transmit the statement of evidence to this court. The Dayton Company applied to this court for mandamus naming both the Board of Tax Appeals and the member, McMahon, respondents, and each has made separate return to our order to show cause.

It is disclosed that the Board of Tax Appeals convened after this application for mandamus was filed and on February 19, 1936, directed that the order of January 15, 1936, made by the member McMahon, be vacated and further directed the chairman of the Board to approve the state-

ment of evidence theretofore lodged in the proceeding. The chairman duly approved it as it was agreed upon and the clerk of the Board was directed to transmit it to this court. So the Board of Tax Appeals has done everything in the matter of bringing the evidence in the cause before this court which the Dayton Company has asked this court to mandamus it to do, and no writ should issue against the Board.

But the member McMahon dissented from the order made by the Board and has taken the position that the duty to determine whether any statement of evidence should be transmitted to this court and to approve or withhold approval of any statement of evidence rests upon the member of the Board of Tax Appeals who heard the testimony taken on the proceeding and who handed down the opinion upon which the decision of the Board was rendered; and he presents that he alone heard the proceeding for redetermination of deficiency in income taxes of the Dayton Company and that the final decision of the Board sought to be reviewed was entered pursuant to the opinion prepared by him, there having been no review by the Board.

■ Taking that view as to his duty, the member has collated the statute and decisions which settle that the power of this court to review the decisions of the Board of Tax Appeals is limited to questions of law [26 U.S.C.A. § 1226 (b), note 4 (see 26 U.S.C.A. § 641 (c), note 10; Bishoff v. Commissioner (C.C.A.) 27 F.(2d) 91] and that the findings of fact made by the Board, if supported by substantial evidence, are conclusive [Kendrick Coal & Dock Co. v. Commissioner of Internal Revenue (C.C. A.8) 29 F.(2d) 559; Helvering, Commissioner of Internal Revenue, v. Ames (C.C. A.8) 71 F.(2d) 939].

He has also referred to rule 43 (2) of this court:

"If error is assigned in the admission or rejection of evidence, or on the ground that a finding of the board is unsupported by any evidence, a statement of the evidence submitted to the board shall be prepared by the petitioner. Such statement shall contain in narrative form the evidence material to the assignments of error, and shall be prepared by the parties and settled by a member of the board in accordance with the general equity rules promulgated by the Supreme Court of the United States."

He correctly points out that no error is assigned by any of the twelve assignments of error in the admission or rejection of evidence, and, upon elaborate analysis of the assignments, he has reached the further conclusion that the Dayton Company has not assigned error on the ground that any "true finding" of the Board (distinguished from conclusion of law) is unsupported by any evidence. Being of opinion that the assignments of error are insufficient to require this court to review the evidence, the member deems it his duty to refuse to settle a statement of evidence or cause it to be transmitted.

On the other hand, counsel for the Dayton Company have presented under oath that in preparing their assignments of error they spent considerable time in analyzing the opinion of the Board and separating the portion thereof which involved findings of fact from the legal conclusions set forth therein, and that certain of their assignments of error "attack said findings of fact as contrary to the undisputed testimony, evidence or facts presented at said hearing," and it is apparent that they intend to argue in this court that there was no testimony to support certain of the Board's findings.

■■ We think the member of the Board was in error in undertaking the burden of passing upon the sufficiency of the assignments of error to require this court to review the evidence. Our rule 43 (2) contemplates that on petition to review a decision of the Board of Tax Appeals in this court, the parties shall prepare the statement of evidence and submit it to the member who heard the testimony, and that such member shall settle the same in accordance with the general equity rules promulgated by the Supreme Court of the United States [rule 75 (b) and (c), 28 U.S.C.A. following section 723]. The burden to determine the verity of the statement is upon the member of the Board. But our rule 24 (5) is intended to cover the situation where any portion of the record unnecessary to a proper presentation of the case has been incorporated into the transcript at the instance of either party. In such cases the rule provides that the whole or any part of the cost of printing and the clerk's fee for supervising the printing may be ordered to be paid by the offending party.

■ We think this provision of rule 24 is applicable to tax reviews [rule 43 (6)]. The parties have a responsibility to their clients and to this court not to uselessly encumber the record, and parties who do so are properly referred to as offenders.

■ There are allegations in the return of the respondent member of the Board which raise or tend to raise an issue as to his powers in contradistinction to those of the Board of Tax Appeals acting as a unit. We do not intend to pass expressly or inferentially upon this issue. We have considered the assignments of error herein only far enough to become persuaded that the petitioner intends, on the basis of the assignments, to attack certain of the findings of fact. We do not pass upon or make any decision as to the sufficiency of any of the assignments for that purpose. But we think the respondent member of the Board should consider the statement of evidence as to its verity and should settle and allow and transmit to this court a true statement of evidence, leaving the determination of any controversies as to the sufficiency of the assignments of error to be made in this court. In his return the member indicates that he is willing to proceed in conformity with the conclusions of this court and on that account no writ need issue unless further showing is made.