**COHN et al. v. UNITED STATES.**

No. 12482.

United States District Court
S. D. California, Central Division.

Nov. 28, 1951.

Palmer Johnson, Beverly Hills, Cal., for plaintiffs.

Ernest A. Tolin, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole and Frank W. Mahoney, Sp. Attys., Bureau of Internal Revenue, Los Angeles, Cal., for the Government.

WESTOVER, District Judge.

This action is brought by plaintiffs to recover from the Government interest collected on a deficiency assessment of income tax. Plaintiffs claim that through oversight they took credit for a $3,000 payment of Declaration of Estimated Tax for the year 1944 (for each of them) which was not actually paid, but that notwithstanding this oversight the 1944 income tax was overpaid. They bring this action, therefore, for adjustment of interest and refund of interest allegedly overpaid by them,

since the Commissioner of Internal Revenue has rejected their claims for refund heretofore filed.

In plaintiffs' brief, under "Question Presented," appears the following query: "When a taxpayer fails to pay an installment of his estimated tax for a given year, but nevertheless overpays on estimate the amount of his actual tax for that year, is he liable for interest on the taxes for that year?"

At the Court's request, counsel stipulated that transcripts of the taxpayers' accounts for the several years involved could be incorporated in the file of the case. Examination of these accounts discloses that plaintiffs' counsel is apparently incorrect in his theory that interest is assessed in this case because of default in payment of a quarterly installment of 1944 estimated income tax. Interest is assessed herein because taxpayers made a mathematical error—a mistake in addition—which they carried forward and benefited from in subsequent years' tax filings.

Inasmuch as the transcripts are on file in the action, it will be necessary for the purpose of this opinion to show the error only at its inception—when credits on estimated tax for 1944 were added, using the transcript of credits of only one taxpayer. While the credit figures in the Cohn estimated tax returns are slightly different from those in the Hackel estimated tax returns, the same error was made in each case and amounted in each instance to exactly $3,000, as follows:

Harry A. Cohn—1944 Estimated Income Tax Credits

| | | |
|---|---|---|
| March, 1944 | $ 392.26 | (overpayment of prior year) |
| June, " | 2,000.00 | |
| Sept., " | 6,000.00 | |
| Jan., 1945 | 6,000.00 | |
| Total taxpayer shows as paid on etsimate ............... | $17,392.26 | |
| Correct total of figures listed above .................... | $14,392.26 | |
| Error: | 3,000.00 | (carried forward to subsequent returns). |

The error thus reflects in the final income tax return filed by each taxpayer for 1944 and is carried forward in each case to the 1945 Declaration of Estimated Tax which each filed, as follows:

| (1) 1944 Tax (Form 1040) | (2) Allegedly Paid On Estimate | (3) Actually Paid On Estimate ($3,000.00 less than amount claimed) | (4) Erroneous Overpayment carried forward by taxpayer as credit on 1945 Estimate |
|---|---|---|---|
| Harry A. Cohn: $12,824.61 | $17,392.26 | $14,392.26 | $4,567.65* |
| Rebecca S. Cohn: $13,134.61 | $17,392.26 | $14,392.26 | $4,257.65* |
| Harry Hackel: $12,938.34 | $17,398.67 | $14,398.67 | $4,460.33* |
| Elsie Hackel: $12,938.34 | $17,398.67 | $14,398.67 | $4,460.35* |

*Difference between tax due, (1) above, and erroneous figure allegedly paid, (2) and claimed as a credit on 1945 estimate.

There is no evidence to indicate the error was deliberate or intentional, to thus increase by $3,000 the credit claimed on estimated tax for the succeeding year. Nor did the Commissioner of Internal Revenue deem it intentional, treating it merely as a mathematical error and assessing interest provided by law, without penalty.

It may be that prior to 1944 taxpayers experienced a similar situation and were not assessed interest and are now puzzled by what might appear to be lack of consistency in policy on the part of the Commissioner of Internal Revenue. Prior to 1944, interest was not added when mathematical errors on income tax returns were corrected. This former non-assessment of interest was occasioned because preliminary inspection of income tax returns was made almost as soon as the returns were filed, and immediate steps were taken to notify taxpayers of mathematical errors. Because of change in procedure adopted under the Current Tax Payment Act (the pay-as-you-go" plan), which of necessity defers mathematical verification of most returns, since 1944 the Bureau of Internal Revenue has deemed it expedient to assess and collect the interest provided by law.

There are income tax returns filed on which mathematical errors are so glaringly apparent that immediate attention can be given them as the returns are received in the Collector's office. Unfortunately, the mathematical error made by plaintiffs on each of their returns was not so readily discernible and could be determined only upon preliminary audit.

Sections 292 and 294 of the Internal Revenue Code, 26 U.S.C.A. §§ 292, 294, provide as follows:

"§ 292. Interest on deficiencies

"(a) General rule. Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, * * *, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax * * *."

"§ 294. Additions to the tax in case of nonpayment

"(a) Tax shown on return

"(1) General rule. Where *the amount determined by the taxpayer* as the tax imposed by this chapter, or any installment thereof, or any part of such amount or installment, is not paid on or before the date prescribed for its payment, there shall be collected as a part of the tax, interest upon such unpaid amount at the rate of 6 per centum per annum from the date prescribed for its payment until it is paid." (Emphasis supplied.)

In this case the "amount determined by the taxpayer" as a first installment credit upon his or her Declaration of Estimated Income Tax for 1945 was $3,000 in excess of the amount to which the taxpayer was actually entitled. The Court agrees with the Commissioner that the error was not intentional.

Interest was correctly assessed by the Commissioner on the mathematical error as of the date it occurred—March 15, 1945—the final date for filing taxpayers' 1944 income tax returns (Forms 1040) and the final date for payment of the first installment of Declaration of Estimated Income Tax for the calendar year 1945. On or about that date these taxpayers claimed the erroneous credit. The deficiency occurred on that date. In accordance with the provisions of the foregoing sections of the Internal Revenue Code, the Commissioner was correct in assessing the deficiency as of March 15, 1945 and the interest thereon at six per cent per annum from that date.

In McCarl v. U. S., etc., 59 App. D.C. 362, 42 F.2d 346, 347, the Court said: " * * * Moreover, the 'interpretation of the statute' by the administrative branch of the government 'should not be interfered with unless clearly unlawful.' " See also Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538.

In the case at bar there is nothing " 'clearly unlawful' " relative to the interpretation of statute by the Commissioner of Internal Revenue.

Because of the millions of returns filed with Internal Revenue Collectors between January 1 and March 15 of each year, statements shown by taxpayers as to the amounts of tax, refunds and credits must, perforce, be accepted as true, pending opportunity for mathematical verification and actual audit. It is incumbent upon the taxpayer, then, to be most careful and meticulous in the preparation of returns to see to it .that correct tax, credit and refund figures are inserted.

For the reasons above outlined, judgment is rendered in favor of defendant herein.