## CANAL AND BANKING COMPANY *v.* NEW ORLEANS.

In assessing the taxes for the city of New Orleans for the year 1876, a bank there
located, with a nominal capital of $1,000,000, was assessed, in addition to its
real estate, for the sum of $700,000, as its capital, or money at interest.   It
refused to pay the assessment, alleging that its capital, not invested in real
estate, consisted of legal-tender notes of the United States.   *Held,* that the
bank, on whom was the burden of proof, having failed by its own state-
ment (*infra* p. 98), or otherwise, to make good its allegation, the assessment
does not invade its rights under the Constitution or the laws of the United
States.

ERROR to the Supreme Court of the State of Louisiana.
The facts are stated in the opinion of the court.

*Mr. John Finney* for the plaintiff in error.
*Mr. Samuel P. Blanc, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.

This is a writ of error to the Supreme Court of Louisiana,
brought to reverse a judgment of that court, affirming the judg-
ment of the Superior District Court for the Parish of Orleans.
The judgment of the latter court, which was thus affirmed, was
a judgment for $10,500, and interest, being for taxes alleged to
be due from the New Orleans Canal and Banking Company,
the plaintiffs in error, to the city of New Orleans.   In assessing
the taxes of the city for the year 1876, the bank had been
assessed, in addition to its real estate, for the sum of $700,000,
as its capital, or money at interest; and the rate of assessment
being one and a half per cent, the tax amounted to $10,500.
This the bank refused to pay, on the ground that its capital,
not invested in real estate, consisted of United States legal-
tender notes.   Whether this was so or not was the question in
the cause; for it was not contended, on the part of the city, that
it would be lawful to tax United States securities in the hands of
the bank.   The question, therefore, was really one of fact; but as
the bank alleges that, under pretence of deciding the question
of fact, the State courts have really sustained a taxation of its
legal-tender notes, it becomes our duty to examine the case.

It seems, from a statement which was admitted in evidence,
that from Feb. 1, 1875, to July 1, 1875, the period during which
the assessment roll was made up, the bank did, in fact, have on

hand an amount of currency in the form of legal-tender notes, varying from $1,500,000 to $762,000; the latter being the amount on hand on the 30th of June, 1875; but there was no proof in the cause to establish the fact that these notes constituted the capital of the bank, any more than that any other equal portion of its assets constituted such capital.

The nominal capital of the bank was $1,000,000, and estimating its real estate at $200,000, the assessment was still $100,000 less than the balance of the nominal capital; and it was conceded that the bank had a large amount of assets independent of the currency in its possession. By a statement put into the case by the bank, with consent of counsel, it appeared that on the 28th of June, 1875, its affairs stood as follows:—

ASSETS.

| | | |
|---|---:|---:|
| Real estate | | $182,516.85 |
| Stocks | | 8,228.35 |
| Taxes paid | | 14,431.65 |
| Suspended debts | | 54,740.80 |
| Foreign and domestic bills protested | | 26,949.73 |
| Notes and bills discounted | | 1,833,146.41 |
| Foreign and domestic exchange | | 919,996.51 |
| Interest due on loans on call | | 3,349.47 |
| City seven per cent gold bonds ($50,000) | | 25,750.00 |
| Cash items: | | |
| Gold | $32,419.80 | |
| Legal tenders | 974,777.17 | |
| Checks sent to clearing-house | 172,409.73 | |
| | | 1,179,606.70 |
| | | $4,248,716.47 |

LIABILITIES.

| | | |
|---|---:|---:|
| Capital stock | $1,000,000.00 | |
| Profit and loss | 99,694.00 | |
| Dividends unpaid | 46,556.00 | |
| Individual depositors | 3,044,957.19 | |
| Foreign banks and bankers | 48,061.78 | |
| Circulation | 9,447.50 | |
| | | $4,248,716.47 |

An inspection of this statement shows that the bank had over $4,000,000 of assets, and that the assets were sufficient to

pay all its debts, and leave enough balance to return to the stockholders all their capital. Now, does it lie with the bank to put its finger on a particular item of the assets, — its money on hand, for example (which appears to have consisted of legal tenders), — and say that this item, and no other item, constituted its capital at that time? Does this depend on the mere option of the bank? Why was not its cash on hand just as applicable to its deposits and other obligations as to its capital? Not a particle of proof was offered, and it is difficult to see how any proof could have been offered, to show that the cash exclusively constituted the capital.

The bank had probably been in operation for years. It is to be presumed that its original capital, not invested in real estate, had been loaned out to its customers, and was rather represented by its discounted bills than by the cash in its drawer. Can it be pretended that the cash on hand was the simple and only representative of that capital? Suppose that this cash had come to the bank from its depositors, — and it is not shown to the contrary, — would it be admissible then to say that it constituted the capital? In this suit the burden of proof is on the bank to show that it has been unlawfully taxed. The decision of the assessor must stand, unless it can be affirmatively controverted.

We cannot perceive that the judgment of the Supreme Court of Louisiana invades any right of the plaintiff in error secured to it by the Constitution or laws of the United States, and, therefore, it must be affirmed.

*Judgment affirmed.*