**RIECK v. HEINER, Collector of Internal Revenue.**

Circuit Court of Appeals, Third Circuit.
February 23, 1928.

No. 3677.

**1. Internal revenue ⊕═7(22)—In determining gain from sale of property, deduction must be made from cost for subsequent depreciation and depletion (Section 202 of Revenue Acts 1918 and 1921 [Comp. St. § 6336⅛bb]).**

In determining the gain from a sale of property acquired prior to March 1, 1913, for income tax purposes, under section 202 of Revenue Acts 1918 and 1921 (Comp. St. § 6336⅛bb), deduction must be made from its value on that date for subsequent depreciation and depletion.

**2. Internal revenue ⊕═38(12)—Commissioner's finding of depreciation in making assessment is presumptively correct.**

A finding by the Commissioner of the depreciation of property, and assessment of tax based thereon, is presumptively correct.

**3. Internal revenue ⊕═7(18)—Taxpayer held not entitled to deduction from income for premiums paid on life insurance policy payable to his estate (Revenue Act 1918, § 215d, Comp. St. § 6336⅛gg; Revenue Act 1921, § 215a(4), Comp. St. § 6336⅛gg).**

Under the provision of Revenue Act 1918, § 215d, Comp. St. § 6336⅛gg, and Revenue Act 1921, § 215a(4), Comp. St. § 6336⅛gg, against allowance of deduction for premiums paid on a life insurance policy "when the taxpayer is directly or indirectly a beneficiary under such policy," premiums paid on a policy payable to the estate of the taxpayer are not deductible as an expense of his business, under section 214a, because the policy was procured and used as collateral security for money borrowed for use in his business.

In Error to the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Action at law by Edward E. Rieck against D. B. Heiner, Collector of Internal Revenue for the Twenty-Third District of Pennsylvania. Judgment for defendant, and plaintiff brings error. Affirmed.

James Walton, of Pittsburgh, Pa., for plaintiff in error.

John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., and A. W. Gregg, F. W. Dewart, and I. R. Blaisdell, all of Washington, D. C., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Rieck brought this suit in the District Court to recover amounts exacted as additional taxes for the years 1920 and 1921 under provisions of the Revenue Act of 1918 (40 Stat. 1057, 1096, §§ 202, 212, 215 [Comp. St. §§ 6336⅛bb, 6336⅛ff ᵥ 6336⅛gg]) and the Revenue Act of 1921 (42 Stat. 227, §§ 202, 215 [Comp. St. §§ 6336⅛bb, 6336⅛gg]), respectively. The added taxes grew out of two matters; one, the gain which inured to the taxable from the sale of property he had acquired before March 1, 1913, in computing which he had in each return deducted from the value of the property as of that date a certain amount for depreciation which, later, the Commissioner of Internal Revenue increased and thereby increased the gain and, correspondingly, the tax; the other, a full deduction which the taxable made of premiums for life insurance taken out and used for business purposes which the Commissioner disallowed, thereby raising the taxable net income and increasing the tax.

The case was tried to the court without a jury and on findings of fact informally yet adequately stated in its opinion, the court entered judgment for the defendant-collector. The plaintiff sued out this writ of error and brings here the questions that were tried below.

[1] Since the District Court rendered its decision, the Supreme Court, in United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054, has set at rest the question of law tried below—whether under the cited revenue acts a gain in the sale of property, re-

quired to be included in taxable income of a tax year, is to be determined merely by the difference between cost, or value on March 1, 1913, and the sale price, or by using cost or value on that date as the basis of a calculation into which other factors, and particularly that of depreciation, enter. That court construed the revenue acts prior to the Act of 1924, 43 Stat. 253 (the first to be specific) having like provisions and held (in accord with the court below) that in computing the gain from a sale of property a deduction of depreciation during the period of operation shall be made.

Therefore the first question as tried to the court below has been cleared of its legal phases and is now reduced to one of fact, whether the amount the Commissioner deducted for depreciation is right.

[2] The plaintiff, in his tax returns, made deductions for depreciation based on his own estimate of the condition of the properties as reflected by his books. The Commissioner, thinking them too low, computed the depreciation of the property sold in 1920 at 2% per annum and of three properties sold in 1921 at figures varying from 3% to 5% per annum, thereby found greater gains and assessed the additional taxes accordingly. The plaintiff interprets his action as a flat valuation arbitrarily made on the theoretical basis that all properties suffer depreciation in those measures and contends that such valuation is invalid because opposed to the depreciation allowances the plaintiff had made on his books in the regular course of business, in respect to which he claims there is a presumption in law that they show the actual facts. We have not been impressed by this contention. On the contrary there is no evidence and no claim that the Commissioner has adopted for himself a hard and fast figure of depreciation applicable alike to all properties however built, maintained and used and wherever situate, though doubtless his figures drift toward uniformity in respect to properties of different classes. Nor is there a burden on the Commissioner, when he has formally determined an amount of depreciation, to prove it right as a condition to sustaining the assessment by showing the investigation he has pursued and the matters that have influenced his judgment in arriving at it, for having found the depreciation and having made an assessment based on it, the law presumes his action right and the assessment prima facie valid. Germantown Trust Co. v. Lederer (C. C. A.) 263 F. 672; United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131. It follows that the burden of proving it wrong rests on the complaining taxable (Anderson v. Farmers' Loan & Trust Co. [C. C. A.] 241 F. 322) who, whatever may be the evidential presumption of his book entries on other matters, cannot use them to overcome the presumed correctness of the sovereign's action performed through its agent. In such case the government affords the taxable a remedy, as by a suit of this kind, where he may show by attacking the depreciation deducted that the assessment, prima facie right, is, in truth, wrong. New Orleans Canal & Banking Co. v. New Orleans, 99 U. S. 97, 99, 25 L. Ed. 409. The taxable in this case assumed that burden and we think failed for lack of evidence.

[3] Notwithstanding the inhibitions of the Revenue Acts of 1918 (section 215d [Comp. St. 6336⅛gg]), and 1921 (section 215a[4], Comp. St. § 6336⅛gg) against allowance of a deduction in respect of premiums paid on a life insurance policy "when the taxpayer is directly or indirectly a beneficiary under such policy," the plaintiff contends that by force of section 214a (Comp. St. § 6336⅛g) of the Acts allowing deductions for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" that the deduction here made is valid because the policy was required and used for collateral in his business and was therefore a necessary business expense within the meaning of the Acts. On the pleadings we accept as true the statement that the taxable took out the insurance on the insistence of a creditor to be used as collateral in securing a loan and in this way the insurance transaction had its rise in a business need. But the policy was on the life of the taxable and his estate was the named beneficiary. Though assigned to and held by the creditor and for two years used as collateral security, it was, none the less, a policy in which the taxpayer was "directly or indirectly" a beneficiary, for if it had matured when held as collateral, and payment had been made to the creditor, it would indirectly have augmented his estate by decreasing his liabilities. Or if it had matured after it was returned to him by the creditor and payment had been made to the estate the taxable would have benefited directly. The inhibitions against deduction of premiums paid on a life insurance policy are directed against the diminution of income as a subject of taxation which is not to be diminished by the uses to which a policy may be put, just as income from personally owned bonds is the subject of taxation and not deductible as a

business expense when the bonds are used as collateral security in the course of business dealings. The deduction was properly disallowed and the additional taxes validly assessed.

The judgment of the District Court is in all respects affirmed.