## J. H. PARKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12568. Promulgated July 27, 1928.

*Leon F. Cooper, Esq.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

STERNHAGEN: The Commissioner determined a deficiency of $617.30 income tax for 1921, and in doing so held that the petitioner had no right to deduct the premiums on a life insurance policy taken out by the petitioner to protect his creditors and avoid bankruptcy. The facts alleged in the petition are all admitted in the answer and are therefore found as alleged.

During the year 1915, and prior thereto, the taxpayer was engaged in business as an individual trading as C. S. Knowles.

In 1915, the taxpayer had become so involved financially, bankruptcy proceedings having been filed against him, that he began negotiations with his creditors looking to a settlement of his obligations.

An agreement of settlement between the taxpayer and his creditors was reached, one of the conditions of which agreement being that the taxpayer take out life insurance in the amount of $50,000, the creditors being made the beneficiaries of such life insurance.

Pursuant to this agreement of settlement with his creditors, the taxpayer did, in the year 1915, take out life insurance in the amount of $50,000, and his creditors were made the beneficiaries thereof.

During the calendar year 1921, there was life insurance on the life of the taxpayer, of which his creditors were the beneficiaries, in the amount of $50,000.

The premium on the said $50,000 life insurance for the calendar year 1921 was $3,218, and was paid by the taxpayer.

The taxpayer deducted $3,218, premium on the said life insurance, as a business expense, in reporting his income for the calendar year 1921.

The Commissioner of Internal Revenue disallowed the deduction of the said $3,218, premium on said life insurance, in computing the taxpayer's income for the calendar year 1921.

The petitioner contends that upon this state of facts it must be said as a matter of law that the premiums paid were deductible as " ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business " under section 214 (a) (1) of the Revenue Act of 1921. The respondent invokes section 215 (a) (4), which provides that in computing net income no deduction shall in any case be allowed in respect of " premiums paid on any life insurance policy covering the life of any officer or employee, or any person financially interested in any trade or business carried on by the taxpayer when the taxpayer is directly or indirectly a beneficiary under such policy." This provision has been several

times construed. *Rieck* v. *Heiner*, 20 Fed. (2d) 208; 25 Fed. (2d) 453; 48 S. Ct. 603; 277 U. S. 608, was a case substantially similar, although the policy there under consideration was taken out naming the taxpayer or his estate as beneficiaries, while here it is alleged that the creditors were made the beneficiaries. See also *Omaha Elevator Co.*, 6 B. T. A. 817; *Joy Floral Co.*, 7 B. T. A. 800, 810; *Williamson Veneer Co.*, 10 B. T. A. 1259. We need not repeat the discussion in these cases to the effect that the beneficiary contemplated by section 215 (a) (4) is not necessarily confined to the person named in the policy, but may include one whose interests are indirectly favorably affected thereby.

In the present case it does not appear from the alleged facts that in no event would the petitioner benefit from the policy. While this would depend upon the terms of the policy and also the agreement with the creditors, it may be supposed that if the policy survives the liquidation of the petitioner's indebtedness it will thereafter enure either directly or indirectly to his benefit. And if this be so, the Commissioner correctly held that during this taxable year the premium was paid upon a policy of which the petitioner was directly or indirectly the beneficiary. We can not conclude that the respondent was in error and that section 215 (a) (4) did not apply from the fact that the " creditors of the taxpayer were the beneficiaries of the policy " as alleged in the petition.

As has been pointed out in earlier decisions, a payment which comes fairly within the specific inhibitions of section 215 (a) (4) may not be deducted as an ordinary business expense under the more general provision of section 214 (a) (1).

*Judgment will be entered for the respondent.*