BENJAMIN BARRON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19199. Promulgated January 7, 1929.

*Benjamin Barron* pro se.
*Byron M. Coon, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: Petitioner asks redetermination of a deficiency of $1,976.17 for the years 1922 and 1923, the sole question being the deductibility of payments of $2,691.46 in 1922 and $2,641 in 1923, the amounts of premiums paid by taxpayer on insurance policies placed on the life of the taxpayer and made payable to a bank to cover a loan to taxpayer.

Section 215 (a) (4) of the Revenue Act of 1921 provides that in computing net income no deduction shall be allowed in respect of

Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy.

The record shows that during the year 1922 petitioner placed and paid the premium on a policy amounting to $74,500. The bank was named as beneficiary in the policy. Loans from the bank to petitioner varied from $23,600 in 1922 to $32,200 in 1923. The placing of the insurance by petitioner enabled him to secure these large loans in connection with his real estate business. Herein was a direct

benefit to petitioner. As said by the Circuit Court of Appeals in *Reich* v. *Heiner*, 25 Fed. (2d) 453, in a case almost identical in its facts with the instant case—

Though assigned to and held by the creditor, and for two years used as collateral security, it was, none the less, a policy in which the taxpayer was "directly or indirectly" a beneficiary, for if it had matured when held as collateral, and payment had been made to the creditor, it would indirectly have augmented his estate by decreasing his liabilities. Or if it had matured after it was returned to him by the creditor and payment had been made to the estate the taxable would have benefited directly.

On the authority of the above cited case, the determination of the respondent is approved.

*Judgment will be entered for the respondent.*