## OLD COLONY TRUST CO. v. WHITE, Internal Revenue Collector.

District Court, D. Massachusetts. January 29, 1929.

No. 2904.

Kenneth B. Bond, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. U. S. Atty., both of Boston, Mass., for defendant.

LOWELL, District Judge. This case raised the question of the right of the Commissioner of Internal Revenue, in determining the profit on the sale of a building, to take into account the amount of depreciation which the building had suffered during the years before its sale. Two buildings were held by a trustee under a will which provided that the income should be paid to a life tenant. They were both rented, and for three of the years depreciation was claimed and allowed, but for the other years it was not claimed. The contention is that the trustee could not legally deduct in his annual returns any amounts for depreciation in value, and therefore that to take account of such depreciation in determining the profit on the sale of a building would amount to double taxation, as the life tenant, during the years when such deduction was not claimed, would pay a tax on the entire rent from the buildings, without any deduction for depreciation. The contention seems sound, but the reasoning of the opinion in United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054, invalidates it. In that case an oil well was sold

after having been worked for some time, and, in determining the loss from the sale, the Commissioner took account of the depletion of the well. The depletion had been accounted for in the annual returns; the court mentions this fact, and says that if it is not accounted for on the sale, there will be a double deduction. The facts in the Ludey Case are therefore not the same as in the case at bar, but, in determining the question, the court said:

"The depreciation charge permitted as a deduction from the gross income in determining the taxable income of a business for any year represents the reduction, during the year, of the capital assets through wear and tear of the plant used. The amount of the allowance for depreciation is the sum which should be set aside for the taxable year, in order that, at the end of the useful life of the plant in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost." 274 U. S. at page 300, 47 S. Ct. 610, 71 L. Ed. 1054.

The theory on which the Ludey Case was decided is applicable to the case at bar, that, when a property subject to depletion or depreciation has been sold at the end of a period of years, the property is a different one from that which was owned by the taxpayer at the beginning. In the case of the oil well, a large part of the oil had been withdrawn; in the case of the manufacturing plant, which the judge mentions, the plant had depreciated in value by wear and tear. Since the Ludey Case, the Court of Appeals for the Second Circuit has decided the case of Hardwick Realty Co v. Commissioner, December 3, 1928, 29 F.(2d) 498, which in its facts corresponds to the case at bar.

In view of the reasoning of the Ludey Case as applied in the Hardwick Case, I am constrained to decide that the government's contention is correct. See, also, Rieck v. Heiner (C. C. A.) 25 F.(2d) 453; Appeal of Even Realty Co., 1 B. T. A. 355.

The further contention of the plaintiff that the terms of the act of 1921 (42 Stat. 227), under which this tax was imposed, do not allow the consideration of deductions in determining the profit on a sale, is unfounded. The plaintiff admits that his contention would apply only to property bought before March 1, 1913, and it is not a reasonable construction of the congressional statute that a different rule should apply to sales of property bought before and after that date.

Judgment for defendant.