**KLEIN et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 5687.

Circuit Court of Appeals, Seventh Circuit.

June 9, 1936.

Llewellyn A. Luce, of Washington, D. C., and Albert Sabath, of Chicago, Ill., for petitioners.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key and John M. Hudson, Sp. Assts. to the Atty. Gen., and E. W. Pavenstedt, of Washington, D. C., for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

Deductions from taxable incomes. When allowed.

EVANS, Circuit Judge.

This appeal presents three questions growing out of the Board's denial of taxpayers' asserted right to make deductions from their taxable income.

The first asserted deduction is from the 1924 and 1925 returns and applies to both petitioners. It represents the amounts paid to sisters, pursuant to a contract negotiated April 19, 1913, in settlement of a threatened contest of the will of the father by said sisters.

The second question arises out of asserted deductions, from the gross 1926 and 1927 income, of substantial premium payments upon life insurance negotiated by the taxpayer Irving N. Klein and assigned as additional security to a bank to secure a loan which was made in order that said petitioner might purchase a larger block of the capital stock of the corporation of which he was president and general manager.

The third question arises out of an asserted deduction which represents one-fifth of the depreciation of the value of assets of a trust wherein petitioner Irving N. Klein had a one-fifth financial interest.

(1) The taxpayers' father died December 28, 1912, survived by a widow, three daughters, and two sons, the latter being the petitioners herein. His will was admitted to probate January 2, 1913, and his estate was valued at $2,868,442.39. Each of his daughters was given $75,000. To his sons he left his stock, valued at $1,500,000, in the L. Klein Corporation. The balance went to his widow and the five children. The daughters threatened a contest and a compromise resulted. An agreement was entered into wherein the sons agreed to pay $5,000 per annum to each of the sisters during the life of their mother. The mother died February 2, 1925. During the year 1924 the three sisters were each paid $5,000. Only $7,500 was paid during the year 1925.

We are satisfied that the Board correctly held that the payments were capital expenditures and not deductible by the taxpayers. Scott v. Commissioner (C.C.A.)

29 F.(2d) 472; Helvering v. Louis, 64 App. D.C. 263, 77 F.(2d) 386, 99 A.L.R. 620; Warner v. Walsh (C.C.A.) 15 F.(2d) 367.

The distribution of payments over a period of years in equal or unequal amounts does not change the character or nature of an investment or of an expenditure. Petitioners' right to the large legacy provisions which appeared in their father's will had been assailed by their sisters. They compromised with those whose challenge cast a cloud on their inheritances. They bought their peace. The amount paid, either at one time or over a period of years, was clearly a capital charge. It was not a loss suffered during the taxable year, not was it an interest payment nor any other deduction authorized by any section of the Revenue Act to which our attention has been called.

■ (2) As to the second question, only Irving N. Klein is interested. He was president of the L. Klein Corporation and general manager of its business. Until February, 1925, the stock of said corporation was owned in equal shares by Irving, his brother Edwin, and his mother. Differences arose upon the death of his mother, and Irving purchased the stock of his brother and others. In order to do so he was required to make a loan of $800,000. The bank insisted that borrower include insurance upon his life in the amount of $500,000 as additional security. Petitioner secured the insurance in the form of ten ordinary life policies of $50,000. In each policy the bank, as trustee, was designated as beneficiary. Right to change the beneficiary was not reserved in the policies, but petitioner reserved the right to substitute other policies and reduce the amount of the policies if and when the loan was reduced as specified. Petitioner paid premiums of $15,881 in 1926, and $13,718 in 1927.

The applicable statutes are sections 213 and 214 of the Revenue Act of 1924 (43 Stat. 267), section 214, Revenue Act of 1926 (44 Stat. 26) and Treasury Regulations 29, articles 291, 293.

Similar questions have frequently been before the courts, and there is not much left undecided. Rieck v. Heiner (D.C.) 20 F.(2d) 208, affirmed (C.C.A.) 25 F.(2d) 453, 454; Lloyd v. Commissioner (C.C.A.) 55 F.(2d) 842; Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212. See, also, Barber v. Commissioner, B.T.A. decision, March 31, 1934, affirmed (C.C.A.) 77 F.(2d) 991.

Petitioner seeks to avoid the application of the Rieck Case, supra, on the ground that there the beneficiary was the taxpayer's estate and here it was a creditor. In that case the court said:

"Though assigned to and held by the creditor and for two years used as collateral security, it was, none the less, a policy in which the taxpayer was 'directly or indirectly' a beneficiary, for if it had matured when held as collateral, and payment had been made to the creditor, it would indirectly have augmented his estate by decreasing his liabilities."

We fail to see how the logic of this statement may be avoided in the instant case.

Moreover, the creditor, *as trustee,* was named as beneficiary.

Aside from the authorities which hold adversely to petitioner, we are unable to give to section 214 (a) (1), Revenue Act of 1926 (44 Stat. 26, 26 U.S.C.A. § 23 and note) the construction for which petitioner contends in this case. The deductions there allowed are:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity; * * *."

Section 215 (a), 44 Stat. 28 (26 U.S.C. A. § 24 and note) deals directly with premiums paid on life insurance and should be read with section 214 (a). It provides:

"In computing net income no deduction shall in any case be allowed in respect of— * * *

"(4) Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy."

This subsection specifically narrows the deductions in the way of premiums paid on life insurance. It excludes the premium paid by petitioner, for he was indirectly, if not directly, a beneficiary under said policy.

(3) The third asserted deduction arises out of depreciation in the value of the trust estate which was created by the mother's will. She gave certain property in trust. At specified times, etc., the property was to be divided among the five children. One-fifth was to go to petitioner, Irving N. Klein. In 1926, petitioner reported as his distributive share of the trust income, $12,719.85. He asserted a deduction for depreciation of $1,175.43 in 1926.

The correct rule seems to be that a beneficiary of an income under a trust is entitled to depreciation in the value of trust property, if the trust or a Federal or state statute provides for the deduction, or if a state court decision has established the state law to be that a fund for the depreciation of property in trust should be deducted from the income. Laflin v. Commissioner (C.C.A.) 69 F.(2d) 460; Dixon v. Commissioner (C.C.A.) 69 F.(2d) 461. As there was no such provision in the trust for deduction out of the income, we are without authority to allow the deduction.

The orders of the Board of Tax Appeals are

Affirmed.