Floyd W. Jefferson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 93586. Promulgated July 25, 1939.

OPINION.

Murdock: The Commissioner determined a deficiency in income tax of $1,773.09 for the year 1935. The only issue for decision is whether the petitioner is entitled to deduct, as an ordinary and necessary expense, a part of $7,769.54 paid as premiums on insurance upon his own life. The facts are found as stipulated by the parties.

The petitioner, an individual, was a member of the partnership of Iselin-Jefferson Co., during 1935 and for several years prior thereto. The other partner, William Iselin & Co., likewise a partnership, furnished most of the capital, while the petitioner furnished valuable personal service and contacts with textile mills. The partnership acted as selling agent for textile mills, including the Fitzgerald Cotton Mills and Cochran Cotton Mills. These two mills were heavily indebted in 1931 to William Iselin & Co. and to a bank. The mills needed additional funds to operate. The "petitioner's relationship as a partner in Iselin-Jefferson Company had also become involved" so that the other partner was considering a dissolution. The petitioner had to furnish some additional guarantee in order to retain the accounts of the two mills and thus continue the partnership, which was his only source of livelihood. He, therefore, guaranteed the debts of the two mills to his partner and the bank, assigned a life insurance policy on his life for $78,000 to the bank, and named his partner as beneficiary in policies on his life for $100,000. He agreed to pay the premiums on the policies. No change was made in the policies thereafter through 1935. The petitioner paid the premiums on those policies and also on another policy during 1935. The petitioner does not contend that the premium upon the latter policy is deductible. The total premiums paid on all policies in 1935 was $7,769.54, of which $314.40, apparently, is not now claimed as a deduction. The assets of the petitioner in 1935 were worth about $161,388.36, excluding the policies for $178,000, above mentioned, and his interest in the partnership. The debts of the two mills which he had guaranteed amounted to $544,938.88 in 1935. He also owed $159,000

to his partnership and about $20,000 to others in 1935. The financial condition of the two mills is not disclosed in this record. The petitioner deducted $7,769.54 on his return for 1935 as an ordinary and necessary expense of his business and the Commissioner disallowed the deduction in determining the deficiency. Other adjustments are not contested.

Section 24 (a) of the Revenue Act of 1934 provides that no deduction shall be allowed for "premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy." The petitioner cites some departmental rulings which, if they were not distinguishable, would only show inconsistency upon the part of the Commissioner and would not be authority for requiring the Commissioner to allow the deduction claimed here. Furthermore, the cases ruled upon are distinguishable. Two of them involved premiums upon surety bonds given to indemnify an employer in case of loss suffered as a result of the employment. In none of the cases could the proceeds of the bonds or insurance benefit the taxpayer by satisfying his debts or otherwise. The cases of *Omaha Elevator Co.*, 6 B. T. A. 817, and *L. Hyman & Co.*, 21 B. T. A. 159, mentioned in the petitioner's brief, do not help him.

The petitioner attempts to show some analogy between his case, where he was trying to protect his source of livelihood, and cases where an employer pays premiums upon life insurance for employees. Cf. *Berizzi Brothers Co.*, 16 B. T. A. 1307; art. 24–3, Regulations 84. The analogy is not apparent to the Board.

The respondent contends that the deduction is expressly denied by section 24 (a) (4). He argues that the petitioner would be benefited directly or indirectly within the meaning of the act if the proceeds of the policies were used to discharge the indebtedness of the petitioner. *Edwin M. Klein*, 31 B. T. A. 910; affd., 84 Fed. (2d) 310; *Rieck* v. *Heiner*, 25 Fed. (2d) 453; certiorari denied, 277 U. S. 608. See also *Benjamin Barron*, 14 B. T. A. 1022. Cf. *Joseph Nussbaum*, 19 B. T. A. 868. The policies in the *Klein*, *Rieck*, and *Barron* cases were used as collateral by a primary debtor, while here the petitioner used them to support his guarantee. This difference may or may not be important. A better case for the respondent is that of *J. H. Parker*, 13 B. T. A. 115. The record does not indicate that the two mills would never be able to discharge their own debts and thus relieve the petitioner from his guarantee. If he were thus relieved, could he contend that these premiums were paid upon policies under which he would not benefit? This record does not show that he

would not benefit directly or indirectly from these policies. Since he has failed to show that section 24 (a) (4) is inapplicable, consideration of whether the payments were ordinary and necessary expenses of any business of the petitioner becomes unnecessary. Cf. *Joseph Nussbaum, supra.*

*Decision will be entered for the respondent.*