Roy H. King and Edith Hughes King v. Commissioner.
King v. Commissioner
Docket Nos. 84978, 89797.
United States Tax Court
T.C. Memo 1963-267; 1963 Tax Ct. Memo LEXIS 80; 22 T.C.M. (CCH) 1343; T.C.M. (RIA) 63267; September 27, 1963
Roy H. King, pro se, 1500 Grant St., Wichita Falls, Tex. James F. Hart, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined the following deficiencies in income taxes of the petitioners and additions to tax: *81 Additions to Tax, I.R.C. 1954
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1955
$10,052.61
$2,513.15
1956
13,508.17
$675.41 The only issue presented [1] for decision is whether the petitioners are entitled to deductions of $1,636.20 in 1955 and $1,632.60 in 1956 for certain portions of premiums paid on life insurance policies designating a third person, who loaned money to petitioner Roy H. King, as beneficiary to the extent of any unpaid balance due on the loan. All of the facts were stipulated by the parties and are so found. Roy H. and Edith Hughes King (hereinafter called petitioners) are husband and wife and reside at 1500 Grant Street, Wichita Falls, Texas. During the calendar years 1955 and 1956, petitioners were on the cash basis of accounting and their joint Federal income tax returns for the years 1955 and 1956 were filed with the district director of internal revenue at Dallas, Texas. In the year 1946, Sid W. Richardson loaned the amount of $45,000 to Roy H. King upon the latter's note. Under the terms of the loan *82 agreement Roy H. King was required to purchase policies insuring his life and listing Sid W. Richardson as the beneficiary of such policies to the extent of any unpaid balance of principal or interest on the $45,000 loan. As part of the loan agreement, all payments of principal, interest, and life insurance premiums were to be made by Richardson, and these amounts were to be deducted from an annual accounting retainer fee of $9,000 which Richardson was to pay Roy H. King. In accordance with the terms of the 1946 loan agreement, Roy H. King took out five policies with Union Central Life Insurance Company. During the years 1955 and 1956 premium payments were made on these policies by Sid W. Richardson and deducted from the annual retainer fee of Roy H. King, as follows: Amount of
Premium
Policy Number
1955
1956
1458081
$ 713.60
$ 712.80
1458082
713.60
712.80
1458083
713.60
712.80
1458084
713.60
712.80
1458085
356.80
356.40
$3,211.20
$3,207.60
The cash surrender value of the five Union Central Life Insurance Company policies increased by the amounts of $1,575 in each of the years 1955 and 1956. The amounts of premiums paid during the *83 years 1955 and 1956 exceeded the increases in cash surrender value of these policies by the respective amounts of $1,636.20 and $1,632.60. Petitioners contend that the amounts of $1,636.20 and $1,632.60 are allowable as deductions incurred in financing loans or, alternatively, are excludable from gross income as defined in section 61, Internal Revenue Code of 1954. [2] It is respondent's position that sections 262 and 264, and the regulations promulgated with respect thereto, preclude the petitioners from deducting any part of the life insurance premiums paid. Section 262 provides that "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." Section 1.262-1(b)(1), Income Tax Regs., states: Premiums paid for life insurance by the insured are not deductible. See also section 264 and the regulations thereunder. Section 264 referred to in the above cited regulation expressly denies a deduction for life insurance premiums. It reads as follows: (a) GENERAL *84 RULE. - No deduction shall be allowed for - (1) Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy. [Italics supplied.] Section 1.264-1(a), Income Tax Regs., which specifically denies a deduction for life insurance premiums that might otherwise be considered a trade or business expense, provides: When premiums are not deductible. Premiums paid by a taxpayer on a life insurance policy are not deductible from the taxpayer's gross income, even though they would otherwise be deductible as trade or business expenses, if they are paid on a life insurance policy covering the life of any officer or employee of the taxpayer, or any person (including the taxpayer) who is financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary of the policy. [Italics supplied.] In Rieck v. Heiner, 25 F. 2d 453 (C.C.A. 3, 1928), certiorari denied 277 U.S. 608 (1928), it *85 was held that the taxpayer was "directly or indirectly" benefited from premium payments when life insurance policies were taken out by him on his own life and made payable to a creditor on the insistence of the creditor that it be used as collateral to secure a loan. Although the case involved section 215(d) of the Revenue Act of 1918 and section 215(a)(4) of the Revenue Act of 1921, these two sections are identical to section 264(1) of the Internal Revenue Code of 1954. In affirming the District Court's disallowance of the claimed deduction, the Court of Appeals stated: * * * Though assigned to and held by the creditor and for two years used as collateral security, it was, none the less, a policy in which the taxpayer was 'directly or indirectly' a beneficiary, for if it had matured when held as collateral, and payment had been made to the creditor, it would indirectly have augmented his estate by decreasing his liabilities. See Edwin M. Klein, 31 B.T.A. 910 (1934), affd. 84 F. 2d 310 (C.C.A. 7, 1936); Benjamin Barron, 14 B.T.A. 1022 (1929); and J. H. Parker, 13 B.T.A. 115 (1928). We think these decisions *86 control the instant case even though here the creditor, rather than the taxpayer, made the premium payments to the insurance company. Actually the payments were made by petitioner because the amounts thereof were deducted from the annual retainer fee of $9,000 which he received from Richardson. We cannot agree with petitioners that they received no economic benefit from the amounts paid. Roy H. King was required to purchase the policies on his own life as a condition of securing the loan and Richardson was beneficiary to the extent of the balance due on the loan. Thus, as we view it, the petitioners were "directly or indirectly" benefited by such premium payments within the meaning of section 264. Not only did the insurance policies enable Roy H. King to obtain the loan, but also his estate would have been relieved of the liability if he had died, since the proceeds of the policies would have liquidated the debt. Rieck v. Heiner, supra.Whether King used the proceeds of the loan for business purposes or otherwise, we hold that no part of the premium payments are deductible. Such amounts represented nondeductible personal expenditures. Therefore, we sustain the respondent's *87 determination. To reflect concessions agreed to by the parties, Decisions will be entered under Rule 50. Footnotes
1. All other issues have been settled by the parties and are set forth in the joint stipulation of facts filed herein.↩
2. All Code references herein are to the Internal Revenue Code of 1954 unless otherwise indicated.↩